# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LEROY A. JAMES, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. CV409-033<br>) |
| WARDEN JACKSON, | )<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Leroy James petitions this Court under 28 U.S.C. § 2254 to challenge his 1994 state court conviction. Doc. 1. Because it plainly appears from his petition that he is not entitled to relief, it should be summarily dismissed under Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). For petitioners like Jackson, whose state convictions became final prior to the effective date of AEDPA, the one-year statute of limitations began running on AEDPA's effective date. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). Jackson's conviction

became final before AEDPA's April 24, 1996 effective date, so he had until April 24, 1997 to seek federal habeas corpus relief. *United States v. Moore*, 344 F.3d 1313, 1320 (11th Cir. 2003); *Miller v. Jarriel*, 2009 WL 29568 at * 1 (S.D.Ga. Jan. 5, 2009) (unpublished). Yet, he did not file his § 2254 petition until Feb. 11, 2009,[1] more than eleven years after the limitations period expired. Consequently, it is untimely by many years.

Habeas Rule 4 empowers federal district courts to raise AEDPA's statute of limitation *sua sponte* and dismiss clearly time-barred petitions. *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002); *Jones v. Barrow*, 2009 WL 113 264 at * 1 (S.D.Ga. Jan. 16, 2009) (unpublished). Because Leroy Jackson's petition is untimely, it should be **DISMISSED WITH PREJUDICE**

**SO ORDERED** this 23rd day of February, 2009.

/s/ JR Smith

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Under the federal "mailbox rule," a *pro se* federal habeas petition is deemed to be filed on the date that the inmate delivers it to prison authorities for mailing. *Taylor v. Williams*, 528 F.3d 847, 849 (11th Cir. 2008). Here, however, Jackson failed to place a date next to his signature on his form petition (doc. 1 at 5) or to otherwise signify when he placed his petition in his prison's mail system. The Court will thus deem his petition filed according to the Clerk's February 11, 2009 filing-date stamp, since the precise 2009 mailing date is irrelevant in light of the above analysis.